UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-1420(DSD/TNL)

Victor Gresham and
Conquest Communications
Group, Inc.

      Plaintiffs,

v.                                                              **ORDER**

Lori Swanson,

      Defendant.

> Jason B. Torchinsky, Esq., and Holtzman Vogal Josefiak Torchinsky, PLLC, 45 North Hill Drive, Suite 100, Warrington, VA 20186 and Thomas H. Boyd, Esq. and Winthrop & Weinstine, PA 225 South 6th Street, Suite 3500, Minneapolis, MN 55402, counsel for plaintiffs.
>
> Angela Behrens and Oliver J. Larson and Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the motion for a preliminary injunction by plaintiffs Victor Gresham and Conquest Communications Group, LLC. The court denied the motion from the bench with this written order to follow.

**BACKGROUND**

This First Amendment dispute arises out of Gresham's constitutional challenge to Minn. Stat. § 325E.27. Gresham is a political consultant who uses automated telephonic communications

to engage in political speech on behalf of clients.[1] Gresham wants to conduct unsolicited "automated telephone surveys, automated telephone get-out-the-vote messages, express advocacy calls and other calls related to political campaigns" in the State of Minnesota. Compl. ¶ 15. Some automated calls would play pre-recorded messages to individuals answering the phone, answering machines, voicemail, or other recording devices. Id. Other automated calls would have a live operator to speak with an individual answering the call. Id. ¶ 16. If answered by a message device, however, the automated dialing system would play a pre-recorded message. Id.

Gresham contends that § 325E.27 unconstitutionally restrains his right to free speech because it prohibits the automated telephone calls described above.[2] Specifically, § 325E.27(a) prohibits a caller from using or connecting to a telephone line "an automatic dialing-announcing device unless: (1) the subscriber has knowingly or voluntarily requested, consented to, permitted, or authorized receipt of the message; or (2) the message is immediately preceded by a live operator who obtains the subscriber's consent before the message is delivered." It does not

---

[1] Gresham operates through his business Conquest Communications Group LLC. The court will refer to plaintiffs collectively as "Gresham" unless a finer distinction is required.

[2] The parties agree that § 325E.27 does not prohibit calls introduced by a live operator.

apply, however, to messages (1) from school districts to students, parents, or employees, (2) to subscribers with whom the caller has a current business or personal relationship, or (3) advising employees of work schedules. Minn. Stat. § 324E.27(b). In 2009, the legislature amended the statute to also exclude "messages from a nonprofit tax-exempt charitable organization sent solely for the purpose of soliciting voluntary donations of clothing to benefit disabled United States military veterans and containing no request for monetary donations or other solicitations of any kind." Id.

On May 20, 2016, Gresham filed this suit alleging that § 325E.27 violates the First Amendment. He seeks injunctive relief, a declaratory judgment, and damages. Soon thereafter, Gresham filed the instant motion. After full briefing and oral argument, the court denied the motion from the bench. In so ruling, the court relied on the four familiar factors set forth in Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Specifically, the court determined that Gresham had not met his burden of establishing the need for the extraordinary remedy of injunctive relief because the balance of harms, likelihood of success on the merits, and the public interest essentially weigh in favor of defendant. The court provides further analysis for its decision here.

**DISCUSSION**

A preliminary injunction is an extraordinary remedy, and the movant bears the burden of establishing its propriety. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The court considers four factors in determining whether a preliminary injunction should issue: (1) the likelihood of the movant's ultimate success on the merits, (2) the threat of irreparable harm to the movant in the absence of relief, (3) the balance between the harm alleged and the harm that the relief may cause the non-moving party and (4) the public interest. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). No single factor is determinative. Id. at 113. Instead, the court considers the particular circumstances of each case, remembering that the primary question is whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Id.

**I. Likelihood of Success on the Merits**

The court first considers the "most significant" Dataphase factor: the likelihood that the movant will prevail on the merits. S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992). As stated at the hearing, the court finds that Van Bergen v. State of Minnesota, 59 F.3d 1541 (8th Cir. 1995), is dispositive. Specifically, the court finds that the restrictions set forth in § 325E.27 relate to the time, place, and manner of

speech, rather than the content of speech. As such, the statute is subject to the "intermediate level of scrutiny applicable to content-neutral restrictions that impose an incidental burden on speech." Id. at 1553. "[R]estrictions of this kind are valid provided that they are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." Id. As determined in Van Bergen, § 325E.27 passes this level of scrutiny.

The court further finds that the Supreme Court's ruling in Reed v. Town of Gilbert, Arizona, 135 S. Ct. 2218 (2015), does not abrogate the relevant holding in Van Bergen. Specifically, Reed involved a restriction on content-based speech, rather than time, place, and manner restrictions as presented here. See Reed, 135 S. Ct. at 2224-25 (describing the sign code which set forth restrictions depending on the content of the speech to be included on signs). The court does not interpret Reed to expand the definition of content-based restrictions at all, let alone to the extent required to render the instant statute a content-based restriction. See Patriotic Veterans, Inc. v. State of Indiana, No. 1:10-723, 2016 WL 1382137, at *3 (S.D. Ind. Apr. 7, 2016) (relying, in part, on Van Bergen to uphold a similar Indiana statute post-Reed).

The court also concludes that the 2009 amendment, which includes a content-based exception to the application of § 325E.27, does not dictate a different result because it is severable from the rest of the statute.  Under Minnesota law, "a statute or regulation which contains unconstitutional provisions must be stricken in its entirety unless (1) that which remains after the unconstitutional provisions are excised is 'fully operative as law' and (2) the body enacting the statute or regulation would have enacted the constitutional provisions even in the absence of those which are unconstitutional."  <u>Minn. Citizens Concerned for Life, Inc. v. Fed. Election Comm'n</u>, 936 F. Supp. 633, 642-43 (D. Minn. 1996).  Here, the first prong is met because, if the amendment is removed, the remaining law is fully operative.[3]  Indeed, <u>Van Bergen</u> determined that the pre-amendment statute was constitutional.  The second prong is also met because the amendment was added to the statute more than 20 years after it was originally enacted.

As a result, the court concludes that Gresham is unlikely to succeed on the merits of his claim.

**II.  Irreparable Harm**

To establish irreparable harm, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief."  <u>Iowa Utils. Bd. v.</u>

---

[3]  Although the court concludes that the amendment is severable, it declines to decide the constitutionality of the amendment in the context of a preliminary injunction motion.

F.C.C., 109 F.3d 418, 425 (8th Cir. 1996). "A mere possibility of irreparable harm is not enough" to issue an injunction. Superior Edge, Inc. v. Monsanto Co., 964 F. Supp. 2d 1017, 1046 (D. Minn. 2013). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009).

Gresham argues that he will suffer irreparable harm absent injunctive relief because he will be unable to make political speech. The court disagrees. The statute does not preclude Gresham from making political speech, it simply restricts the time, place, and manner of that speech. If Gresham simply employs live operators to initiate calls, he can make all of the calls he describes in the complaint. Although the use of live operators would certainly increase costs, any such costs could be compensated by damages if the statute is ultimately declared to be unconstitutional. As a result, this Dataphase factor weighs against injunctive relief.

**III. Balance of Harms**

Under this factor, "a court should flexibly weigh the case's particular circumstances to determine whether ... justice requires the court to intervene...." United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998) (citation and internal quotation marks omitted). As explained above, the court is unconvinced that

the statute is unconstitutional and that irreparable harm will befall Gresham in the absence of an injunction. On the other hand, allowing the calls to proceed as planned would harm those protected by the statute. This factor also weighs in favor of denying injunctive relief.

**IV. Public Interest**

For the reasons stated directly above, this factor weighs against injunctive relief.

As a result, based upon a balancing of the four <u>Dataphase</u> factors, the court determines that a preliminary injunction is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiffs' motion for a preliminary injunction [ECF No. 14] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 27, 2016

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court